**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARLON MCDOUGALL, | : | Civil No. 3:23-cv-759 |
| | : | |
| Petitioner | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| WARDEN, PIKE COUNTY | : | |
| CORRECTIONAL FACILITY, | : | |
| | : | |
| Respondent | : | |

**MEMORANDUM**

Petitioner Marlon McDougall ("McDougall") is an immigration detainee in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE").  He is currently being detained at the Pike County Correctional Facility, in Lords Valley, Pennsylvania.  McDougall commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. 1).  He seeks an individualized bond hearing.  (*Id.*).  The petition is fully briefed and ripe for resolution.  For the reasons set forth below, the Court will deny habeas relief.

I.  **Factual Background**

McDougall is a citizen and native of Guyana.  (*See* Doc. 12-1, p. 4).  He became a lawful permanent resident of the United States on October 24, 1982.  (*Id.* at p. 6).

On September 7, 2006, McDougall was arrested in state court and subsequently charged with carjacking, two counts of assault on a police officer, and statutory burglary.

(*Id.* at p. 5).  On September 19, 2006, McDougall was rearrested and charged with crimes related to a hit and run and obstruction of police.  (*Id.*).  On July 27, 2007, McDougall was convicted of hit and run and eluding, related to the September 19, 2006 arrest.  (*Id.* at pp. 5-7).  He was sentenced to five years' incarceration.  (*Id.*).  On February 8, 2008, McDougall was convicted of all four offenses related to the September 7, 2006 arrest.  (*Id.*).  He was sentenced to eight years for the carjacking offense, two years for each count of assault on a police officer, and one year for statutory burglary. (*Id.*).

McDougall was taken into ICE custody on August 5, 2022.  (*Id.* at p. 8).  He was charged as removable under Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii).  (Doc. 12-2, p. 4).  He challenged his removal, but his claim was denied by an immigration judge on January 9, 2023, and he was ordered removed to Guyana.  (Doc. 12-5).  McDougall appealed this decision to the Board of Immigration Appeals ("BIA"), which remains pending.  (*See* Doc. 12-12).

McDougall is being detained pursuant to 8 U.S.C. § 1226(c) and has been detained by ICE for approximately 13 months.  In the habeas petition, McDougall argues that his mandatory, pre-removal detention without a bail hearing has become unreasonable and thus unconstitutional.

## II. Legal Standard

Under 28 U.S.C. § 2241(c), a prisoner or detainee may receive habeas relief only if he "is in custody in violation of the Constitution or laws or treaties of the United States."  *See*

28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  Because McDougall filed the instant petition while he was detained within the jurisdiction of this Court, is still currently detained by ICE, and asserts that his continued detention violates due process, this Court has jurisdiction over his Section 2241 petition.  *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

**III.**     **Discussion**

In *Jennings v. Rodriguez*, 583 U.S. ——, 138 S. Ct. 830, 200 L.Ed.2d 122 (2018), the Supreme Court of the United States rejected the premise that 8 U.S.C. § 1226(c) contains an implicit time limit for pre-removal detention.  *Jennings*, 138 S. Ct. at 846-47. The United States Court of Appeals for the Third Circuit, however, has explained that *Jennings* "did not call into question [the] constitutional holding in *Diop* [*v. ICE/Homeland Security*, 656 F.3d 221 (3d Cir. 2011)] that detention under § 1226(c) may violate due process if unreasonably long."  *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018).  Thus, "even after *Jennings*, an alien lawfully present but detained under § 1226(c) can still challenge his detention under the Due Process Clause."  *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210 (3d Cir. 2020).

When reviewing such as-applied challenges to the constitutionality of continued mandatory detention under Section 1226(c), "[t]he most important factor is the duration of detention."  *See id.* at 211.  Additionally, the Court must consider the other circumstances of detention, including: (1) "whether the detention is likely to continue" (2) "the reasons for the

3

delay, such as a detainee's request for continuances"; and (3) "whether the alien's conditions of confinement are 'meaningfully different' from criminal punishment." *Id.* (quoting *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F.3d 469, 478 (3d Cir. 2015)). There is no "bright-line" threshold for reasonableness; rather, whether continued detention is reasonable is a "highly fact-specific" inquiry. *Id.* at 210 (quoting *Chavez-Alvarez*, 783 F.3d at 474).

Initially, the Court notes that it cannot grant McDougall release from custody. Rather, the Court is limited to resolving whether, under the *German Santos* factors, McDougall is entitled to an individualized bond hearing to determine if "detention is still necessary to fulfill [Section 1226(c)]'s purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." *Diop*, 656 F.3d at 231. The Court considers each factor in turn.

With respect to the first, and most important, consideration—duration of detention—McDougall has been detained in ICE custody since August 5, 2022, a little over 13 months. District courts in this circuit have frequently found that detention under Section 1226(c) for just over a year does not, in itself, amount to an arbitrary deprivation of liberty or weigh in favor of habeas relief. *See Gabriel v. Barr*, No. 1:20-cv-1054, 2021 WL 268996, at *3 (M.D. Pa. Jan. 27, 2021) (collecting cases). The decisions cited in *Gabriel* stand in contrast to cases where detention was approaching, or exceeded, two years in length. *See, e.g.*, *German Santos*, 965 F.3d at 212 (two-and-a-half years' detention); *Clarke v. Doll*, No. 3:20-

4

cv-31, 481 F.Supp.3d 394, 2020 WL 4933696, at *1 (M.D. Pa. Aug. 24, 2020) (20 months);

*Chikerema v. Lowe*, No. 1:18-cv-1031, 2019 WL 3891086, (M.D. Pa. Aug. 19, 2019) (over

20 months): *Vega v. Doll*, No. 3:17-cv-1440, 2018 WL 3756755, at *5 (M.D. Pa. Aug. 8,

2018) (21 months).  Consequently, McDougall's duration of detention—approximately 13

months—does not weigh in favor of relief.

As to whether detention will continue, the Court finds that McDougall's detention will

likely continue into the foreseeable future.  His appeal is still pending before the BIA, and

even if he were to receive an unfavorable decision from the BIA, he could then seek relief

from the Third Circuit.  *See* 8 U.S.C. § 1252(a)(5).  This factor supports a finding of

unreasonableness.  *See German Santos*, 965 F.3d at 212.

The reasons for delay provide no support for McDougall's petition.  There is no

evidence that the government has unreasonably delayed the immigration proceedings, nor

that McDougall is operating in anything other than good faith in his pursuit of relief from

removal.  During his removal proceedings, McDougall's case was initially extended to afford

him the opportunity to obtain counsel.  (Doc. 12-3, p. 6).  McDougall later requested, and

was granted, an extension of time to submit a brief to the BIA.  (Docs. 12-8, 12-9).  He

requested another extension of time to submit a brief to the BIA, which was denied.  (Docs.

12-10, 12-11).  Such delays cannot be attributed to either party.  Consequently, this factor

does not weigh in favor or against either party.

The final factor to be considered is whether the petitioner's conditions of confinement are "'meaningfully different' from criminal punishment." *German Santos*, 965 F.3d at 211 (quoting *Chavez-Alvarez*, 783 F.3d at 478). Respondent provides no evidence or details on McDougall's current conditions of confinement other than to state that he is "detained in the same correctional facility as discussed in *Santos*," but has only been there for approximately 70 days out of his approximately 10 months of confinement. (Doc. 11, p. 18). While that may be true, Respondent does not explain how such detention-center conditions differ from those found in a prison setting. Nevertheless, it must also be noted that McDougall has failed to even mention this factor. Accordingly, this final consideration does not support either side's argument.

When reviewing the totality of the circumstances, as discussed above, the Court concludes that relief is not warranted. The *German Santos* factors, on whole, do not militate in favor of finding that McDougall's continued mandatory detention under Section 1226(c) is unreasonable and thus unconstitutional. Only one of the four factors supports McDougall's claim. Nonetheless, should this detention become prolonged to the point where it does become unreasonable, McDougall may file a new Section 2241 petition in the appropriate court.

## IV.    <u>Conclusion</u>

The Court will deny McDougall's petition (Doc. 1) for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241 without prejudice to his right to file a new petition in the

appropriate court should his detention become unreasonable.  A separate Order shall issue.


Robert D. Mariani_
United States District Judge

Dated: September 21, 2023